UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENNIS A. HUNT,

       Plaintiff,                        CIVIL ACTION NO. 06-15524

       v.                               DISTRICT JUDGE PAUL V. GADOLA

COMMISSIONER OF                    MAGISTRATE JUDGE VIRGINIA M. MORGAN
SOCIAL SECURITY,

       Defendant.
_____/

## REPORT AND RECOMMENDATION

### I. Introduction

This Social Security case comes before the court on plaintiff's motion to remand and the Commissioner's motion for summary judgment. For the reasons stated below, the court recommends that the Commissioner's motion be denied, that plaintiff's motion be granted, and that this case be remanded pursuant to sentence four of 42 U.S.C. § 405(g).

### II. Background

In November 2003, plaintiff filed an application for Supplemental Security Income (SSI), alleging that he was disabled due to memory impairment, back problems, left shoulder and wrist problems, problems with his ribs and depression, with an onset date of January 1, 1982. Plaintiff later amended his disability onset date to November 16, 2003. (Tr. 13, 39-42, 52) Plaintiff has a

GED and work experience as a carnival ride worker, house siding installer and tugboat deck hand. (Tr. 53, 58, 62-64)

The Social Security Administration (SSA) denied plaintiff's application on February 12, 2004. (Tr. 23) Plaintiff then requested a hearing before an administrative law judge (ALJ). (Tr. 28-29) A hearing was held on May 19, 2006 before ALJ John A. Ransom. (Tr. 289-313) Plaintiff, represented by counsel, appeared and briefly testified at the hearing. The ALJ also took testimony from a vocational expert (VE).

On June 20, 2006, the ALJ issued a decision denying plaintiff's claim. (Tr. 10-20) The ALJ determined that plaintiff had the following impairments:

> chronic cervical and lumbar back pain, s/p fracture of the right clavicle, hypertension, bipolar disorder I, personality disorder, attention deficit disorder, borderline intellectual functioning and substance abuse disorder in remission [Tr. 19].

The ALJ also determined that plaintiff's impairments were "severe" withing the meaning of 20 C.F.R. § 404.1520(a)(4)(ii) and § 416.920(a)(4)(ii), but that he did not have an impairment that met or equaled any of the impairments listed in Appendix 1, Subpart P of the Social Security regulations. (Tr. 19) The ALJ further determined that plaintiff has the residual functional capacity (RFC) to perform:

> the physical exertion and non-extertional requirements of work except for lifting more than twenty pounds or frequently lifting and carrying more than ten pounds; an at will sit/stand option; no repetitive bending, twisting or turning; no climbing; no repetitive pushing or pulling, gripping or grasping; no repetitive or prolonged fine dexterity; limited contact with public and co-workers; not capable of work requiring constant, close attention to detail; requires occasional supervision; not capable of work at more than

a regular pace and needs jobs that are routine and low stress
[Tr.19]

Taking into account plaintiff's age, education, work experience, and residual functional capacity, as well as the hearing testimony of the VE, the ALJ concluded that there were jobs that exist in significant numbers in the national economy that plaintiff can perform. (Tr. 19-20) Accordingly, the ALJ found that plaintiff was not "disabled" within the meaning of the Social Security Act. (Tr. 20) Plaintiff was 48 years-old at the time of the ALJ's decision. (Tr. 14)

On July 13, 2006, plaintiff filed a request for review of the ALJ's decision with the SSA's Appeals Council. (Tr. 284-288) The Council denied the request on October 17, 2006. (Tr. 5-8) The ALJ's decision thus became the final determination of the Commissioner.

On December 13, 2006, plaintiff filed suit for review of the Commissioner's decision pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3). As noted above, the matter comes before the court on plaintiff's motion to remand and the Commissioner's motion for summary judgment. Plaintiff contends that this case must be remanded because the ALJ failed to analyze the case at step three of the sequential process and because the ALJ's decision fails to properly consider the treating source statements of Dr. J. Cho pursuant to 20 C.F.R. § 404.1527(d)(2). The Commissioner contends that the disability determination is supported by substantial evidence and should thus be affirmed.

**III. Legal Standards**

    **A. Disability Evaluation**

A person is "disabled" within the meaning of the Social Security Act "if he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). See also 42 U.S.C. § 423(d)(1)(A). Further,

> an individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 1382c(a)(3)(B). See also 42 U.S.C. § 423(d)(2)(A). The claimant bears the burden of proving that he is disabled. Foster v. Halter, 279 F.3d 348, 353 (6th Cir. 2001).

A five-step process is used to evaluate SSI claims. 20 C.F.R. § 416.920. In Foster, Id. at 354 (citations omitted), the Sixth Circuit discussed the process:

> The claimant must first show that she is not engaged in substantial gainful activity. Next the claimant must demonstrate that she has a "severe impairment." A finding of "disabled" will be made at the third step if the claimant can then demonstrate that her impairment meets the durational requirement and "meets or equals a listed impairment." If the impairment does not meet or equal a listed impairment, the fourth step requires the claimant to prove that she is incapable of performing work that she has done in the past. Finally, if the claimant's impairment is so severe as to preclude the

performance of past work, then other factors, including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed. The burden shifts to the Commissioner at this fifth step to establish the claimant's ability to do other work.

**B. Standard of Review**

Plaintiff seeks review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g), which provides, in part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

Judicial review under § 405(g) is limited to a determination of whether the ALJ's findings are supported by substantial evidence and whether the ALJ applied the proper legal standards. Brainard v. Secretary of HHS, 889 F.2d 679, 681 (6th Cir. 1989); Key v. Callahan, 109 F.3d 270, 273 (6th Cir. 1997). The Sixth Circuit stated in Brainard, 889 F.3d at 681, that "[s]ubstantial evidence is more than a mere scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." "[The] decision of an ALJ is not subject to reversal, even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." Key, 109 F.3d at 273.

**IV. Analysis**

As discussed above, plaintiff contends that this case must be remanded because the ALJ failed to analyze the case at step three of the sequential process and because the ALJ's decision fails to properly consider the treating source statements of Dr. Cho, plaintiff's treating physician.

**A. Step Three Analysis**

At step three of the five-step process used to evaluate SSI claims, the ALJ will make a finding of "disabled" if the claimant can demonstrate that his impairment meets the durational requirement and "meets or equals a listed impairment." 20 C.F.R. § 416.920; Foster, 279 F.3d at 354 (citations omitted). In this case, the ALJ specifically found that plaintiff's impairments did not meet or equal any impairment listed in Subpart P, Appendix 1 of the Social Security Regulations. (Tr. 19) According to plaintiff, that finding is insufficient because the ALJ failed to analyze plaintiff's colorable claim that he meets or equals the criteria for Listing 12.05 C, mental retardation. However, the record in this case reveals that plaintiff clearly does not meet or equal the mental retardation impairment listed in 12.05 C.

A claimant must satisfy all the criteria of a Listing to be found to have met or equaled a Listing. Hale v Secretary of Health and Human Services, 816 F.2d 1078, 1083 (6th Cir. 1987). An impairment is "medically equivalent to a listed impairment in appendix 1 of subpart P of part 404 of this chapter if it is at least equal in severity and duration to the criteria of any listed impairment." 20 C.F.R. § 416.926(a). Specifically, plaintiff argues that he may satisfy all of the criteria for Listing 12.05 C, mental retardation. Listing 12.05 provides:

> 12.05 Mental retardation: Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22.
>
> The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied.
>
> A. Mental incapacity evidenced by dependence upon others for personal needs (e.g., toileting, eating, dressing, or bathing) and inability to follow directions, such that the use of standardized measures of intellectual functioning is precluded;
>
> Or
>
> B. A valid verbal, performance, or full scale IQ of 59 or less;
>
> Or
>
> C. A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function;
>
> Or
>
> D. A valid verbal, performance, or full scale IQ of 60 through 70, resulting in at least two of the following:
> 1. Marked restriction of activities of daily living; or
> 2. Marked difficulties in maintaining social functioning; or
> 3. Marked difficulties in maintaining concentration, persistence, or pace; or
> 4. Repeated episodes of decompensation, each of extended duration. [20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05.]

Furthermore, the provision for all mental disorders states that:

> The structure of the listing for mental retardation (12.05) is different from that of the other mental disorders listings. Listing 12.05 contains an introductory paragraph with the diagnostic description for mental retardation. It also contains four sets of

> criteria (paragraphs A through D). If your impairment satisfies the diagnostic description in the introductory paragraph and any one of the four sets of criteria, we will find that your impairment meets the listing. Paragraphs A and B contain criteria that describe disorders we consider severe enough to prevent your doing any gainful activity without any additional assessment of functional limitations. For paragraph C, we will assess the degree of functional limitation the additional impairment(s) imposes to determine if it significantly limits your physical or mental ability to do basic work activities, i.e., is a "severe" impairment(s), as defined in §§ 404.1520(c) and 416.920(c). If the additional impairment(s) does not cause limitations that are "severe" as defined in §§ 404.1520(c) and 416.920(c), we will not find that the additional impairment(s) imposes "an additional and significant work-related limitation of function," even if you are unable to do your past work because of the unique features of that work. Paragraph D contains the same functional criteria that are required under paragraph B of the other mental disorders listings. [20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.00.]

In arguing that the ALJ erred in finding that he did not meet or equal the requirements for showing mental retardation under Listing 12.05 C plaintiff points to his IQ scores (Tr. 264) and the intelligence assessment done by Dr. Thomas L. Seibert (Tr, 261-268) in support of the contention that he satisfies all requirements. Yet, even if plaintiff's arguments were accepted, it is not enough for plaintiff to satisfy paragraph C of 12.05; he must also satisfy the "diagnostic description" of mental retardation in Listing 12.05. Foster v. Halter, 279 F.3d 348, 354 (6th Cir.2001). That description states "Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05.

In his brief, plaintiff never addresses the requirement that he must satisfy the diagnostic description of mental retardation and it is undisputed that no psychologist has diagnosed plaintiff with mental retardation. The state agency physician who examined plaintiff specifically found that plaintiff did not meet or equal a listing (Tr. 170) and the ALJ should consider the opinion of the state agency when determining if an impairment equals a listed impairment. 20 C.F.R. § 416.926(c). Dr. Cho, plaintiff's treating physician, never opined that plaintiff had a low I.Q. or reduced intellectual functioning. (Tr. 236-241) Dr. Seibert, while finding that plaintiff had borderline intellectual functioning, also found that plaintiff could work with limitations. (Tr. 266). Moreover, plaintiff performed a number of common activities inconsistent with mental retardation, including earning a GED (Tr. 58) and working as a carnival ride worker, house siding installer and tugboat deck hand. (Tr. 53, 62-64)

Given the doctors' medical opinions and plaintiff's activities, there is substantial evidence in the record that plaintiff does not equal the diagnostic description of Listing 12.05 and, consequently, does not meet or equal any impairment listed in Subpart P, Appendix 1 of the Social Security Regulations. See Foster v. Halter, 279 F.3d 348, 354-355 (6th Cir.2001) (plaintiff's failure to meet criteria of diagnostic description compels a conclusion that she does not meet or equal Listing 12.05); Cooper v. Commissioner of Social Security, 217 Fed. Appx. 450, 452 (6th Cir. 2007) (unpublished) (holding that diagnoses of borderline intellectual functioning and common activities inconsistent with mental retardation provided substantial evidence that plaintiff did not meet diagnostic description); Riley v. Apfel, No. 97-1799, 1998 WL 553151, at *5 (6th Cir. August 20, 1998) (unpublished) (two diagnoses of low average

intelligence substantially supports a determination that plaintiff should not be diagnosed with mental retardation).

### B.  Analysis of Dr. Cho's Opinion

Plaintiff also argues that this case must be remanded because the ALJ failed to articulate what weight, if any, he accorded the treating source opinion of Dr. Cho[1] and because the ALJ failed to consider all of the factors named in 20 C.F.R. § 416.927(d) when weighing Dr. Cho's opinion.

In assessing the medical evidence supplied in support of a claim, there are certain governing standards to which an ALJ must adhere.  Key among these is that greater deference is generally given to the opinions of treating physicians than to those of non-treating physicians, commonly known as the treating physician rule.  See SSR 96-2p; Wilson v. Comm'r of Soc. Sec., 378 F.3d 541, 544 (6th Cir.2004).  Because treating physicians are "the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone," their opinions are generally accorded more weight than those of non-treating physicians.  20 C.F.R. § 416.927(d)(2).  Therefore, if the opinion of the treating physician as to the nature and severity of a claimant's conditions is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not

---

[1]The Commissioner does not dispute that Dr. Cho was plaintiff's treating physician as defined in 20 C.F.R. § 416.902.

inconsistent with other substantial evidence in [the] case record," then it will be accorded controlling weight. Wilson, 378 F.3d at 544.

When the treating physician's opinion is not controlling, the ALJ, in determining how much weight is appropriate, must consider a host of factors, including the length, frequency, nature, and extent of the treatment relationship; the supportability and consistency of the physician's conclusions; the specialization of the physician; and any other relevant factors. 20 C.F.R. § 416.972(d); Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 242 (6th Cir. 2007). Specifically, the ALJ must provide "good reasons" for discounting treating physicians' opinions, reasons that are "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." Rogers, 486 F.3d at 242, quoting SSR 96-2p. The purpose of this procedural aspect of the treating physician rule is two-fold. First, the explanation "let[s] claimants understand the disposition of their cases, particularly where a claimant knows that his physician has deemed him disabled and therefore might be bewildered when told by an administrative bureaucracy that she is not, unless some reason for the agency's decision is supplied." Rogers, 486 F.3d at 242, quoting Wilson, 378 F.3d at 544. Second, the explanation "ensures that the ALJ applies the treating physician rule and permits meaningful appellate review of the ALJ's application of the rule." Rogers, 486 F.3d at 243, quoting Wilson, 378 F.3d at 544. "Because of the significance of the notice requirement in ensuring that each denied claimant receives fair process, a failure to follow the procedural requirement of identifying the reasons for discounting the opinions and for explaining precisely how those reasons affected the weight accorded the opinions denotes a lack

of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record." Rogers, 486 F.3d at 243.

In this case, the ALJ did expressly discuss and reject Dr. Cho's opinion to the extent Dr. Cho stated that plaintiff had "marked limitations" in social functioning. (Tr. 17) Specifically, the ALJ stated that he disagreed with that assessment because "of the above review of the claimant's ability to function well and remain stable on his medications. Plus, the claimant had a vocational profile done in February and March, 2004, that showed he had the ability to perform job duties and get along with others most of the time." (Tr. 17) The ALJ did note that plaintiff has had "intermittent episodes of difficulty socializing and had moderate limitations in this area of functioning." (Tr. 17) Moreover, in describing plaintiff's RFC, the ALJ restricted plaintiff to jobs that had limited contact with public and co-workers, and that only required occasional supervision. (Tr. 19) That discussion in the ALJ's decision explaining both why Dr. Cho's opinion on plaintiff's limitations in the area of social functioning did not warrant controlling weight on this issue and why it was rejected, provides sufficient justification for the weight given to the opinion of Dr. Cho. Consequently, the discussion also meets the requirements of 20 C.F.R. § 416.927 and it can serve as substantial evidence. See Rogers, 486 F.3d at 246; Wilson, 378 F.3d at 544.

The ALJ did not, however, discuss any other portions of Dr. Cho's opinion or provide good reasons for the weight he gave it. However, a failure to discuss a treating physician's opinion can constitute harmless error where (1) a treating source's opinion is so patently deficient that the ALJ could not possibly credit it, (2) the ALJ adopts the opinion of the treating

-12-

source or makes findings consistent with the opinion, (3) the ALJ has met the goal of the procedural safeguard of reasons, even though she has not complied with the terms of the regulation. Wilson, 378 F.3d at 547.

In this case, Dr. Cho opined that plaintiff would have "difficulty working in a competitive employment due to his difficulty getting along with others in a work setting and problems he has with chronic pain." (Tr. 238) Dr. Cho also described plaintiff's functional limitations as including a mild restriction in activities of daily living and moderate deficiencies of concentration, persistence or pace. (Tr. 239)

In a mental RFC assessment, Dr. Cho stated that plaintiff was moderately limited in remembering locations or work-like procedures, understanding and remembering two-step instructions, carrying out simple one or two-step instructions, performing activities within a schedule, maintaining regular attendance and being punctual within customary tolerance, maintaining ordinary routine without supervision, making simple work-related decisions, interacting appropriately with the general public, asking simple questions or requesting assistance, maintaining socially acceptable behavior and cleanliness, responding appropriately to changes in his work environment, being aware of normal hazards, and setting realistic goals or plans independent of others. (Tr. 240-241) Dr. Cho also stated in that RFC assessment that plaintiff was markedly limited in his ability to remember and carry out detailed instructions, maintain attention and concentration for extended periods, work in coordination or proximity to others, complete a normal workday or workweek without interruption from symptoms, accept instructions from or respond to supervisors, and get along with co-workers. (Tr. 240-241)

As discussed above, the ALJ found that plaintiff could perform:

> the physical exertion and non-extertional requirements of work except for lifting more than twenty pounds or frequently lifting and carrying more than ten pounds; an at will sit/stand option; no repetitive bending, twisting or turning; no climbing; no repetitive pushing or pulling, gripping or grasping; no repetitive or prolonged fine dexterity; limited contact with public and co-workers; not capable of work requiring constant, close attention to detail; requires occasional supervision; not capable of work at more than a regular pace and needs jobs that are routine and low stress [Tr.19].

While the ALJ's restrictions on contact with others and jobs requiring too much concentration may be consistent with Dr. Cho's opinion and could possibly encompass all of the limitations described by Dr. Cho, it is not entirely clear from the record if Dr. Cho's opinion and the ALJ's decision are consistent or not. The Commissioner does not assert that the two are consistent in its brief. Moreover, as described above, it was the ALJ's duty to be clear on the reasons behind his decision and a failure to discuss a treating physician's opinion cannot be excused unless the treating physician's opinion is patently deficient, the ALJ's decision is consistent with the opinion, or the ALJ has met the goal of the procedural safeguard of reasons. None of those situations appear to exist in this case.

A failure to fully discuss the medical basis for the hypothetical question and why he rejected certain opinions is grounds to remand this matter because it impedes meaningful review by this court. See, e.g., Hurst v. Secretary of Health and Human Services, 753 F.2d 517 (6th Cir. 1985)(articulation of reasons for disability decision essential to meaningful appellate review); see also Bailey v. Commissioner of Social Security, 1999 WL 96920 at **4 (6th

Cir.(Ohio))("Thus, an ALJ's decision must articulate with specificity reasons for the findings and conclusions that he or she makes"); Social Security Ruling (SSR) 82-62 at *4 (the "rationale for a disability decision must be written so that a clear picture of the case can be obtained"). The ALJ in this case failed to discuss the bulk of Dr. Cho's opinion and the error was not harmless. Consequently, this case should be remanded pursuant to sentence four of 42 U.S.C. § 405(g).

## V.  Conclusion

For the reasons stated above, the court recommends that the Commissioner's motion be denied, that plaintiff's motion be granted, and that this case be remanded pursuant to sentence four of 42 U.S.C. § 405(g).

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

              s/Virginia M. Morgan
              Virginia M. Morgan
              United States Magistrate Judge

Dated: February 27, 2008

---

**PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System and/or U. S. Mail on February 27, 2008.

              s/Jane Johnson
              Case Manager to
              Magistrate Judge Virginia M. Morgan